IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JEREMIAH CORY HAMILTON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:20cv00085 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CPT. TRISH MCCOY, | ) | By:  Hon. Thomas T. Cullen |
| Defendant. | ) | United States District Judge |

Plaintiff Jeremiah Cory Hamilton, a Virginia inmate proceeding pro se, filed this § 1983 action against Captain Trish McCoy. Having reviewed Hamilton's amended complaint, the court concludes that he fails to state a cognizable federal claim against the defendant. Therefore, the court will dismiss Hamilton's complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

In his amended complaint, Hamilton alleges that, on December 10, 2019, while housed at the Southwest Virginia Regional Jail Haysi facility, Cpt. McCoy took Hamilton to the medical unit for a drug test. Hamilton claims that Cpt. McCoy did not let him see the results, but "automatically [ac]cused [him] of being high [and] put him in the hole for 10 days [with] no [disciplinary] charge."

To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Hamilton does not specifically identify which of his federal rights he believes Cpt. McCoy violated, but as relief to his amended complaint, Hamilton asks "for this issue to be resolved because [his] rights were violated."

To the extent Hamilton is alleging that Cpt. McCoy violated his right to procedural due process before placing him in the hole for ten days, his claim fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Beverati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). When the punishment does not cause the original sentence to be enhanced, protected interests will generally be limited to freedom from restraint that imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Sandin v. Conner, 515 U.S. 472, 484 (1995). Changes "in a prisoner's location, variations of daily routine, changes in conditions of confinement (including administrative segregation), and the denial of privileges [are] matters which every prisoner can anticipate [and which] are contemplated by his original sentence to prison." Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). Further, prisoners generally do not have a constitutionally recognized liberty interest in a particular security classification. Hewitt v. Helms, 459 U.S. 460, 468 (1983); Meachum v. Fano, 427 U.S. 215, 224 (1976). Despite being given the opportunity to amend his complaint, Hamilton does not allege any facts that would suggest the conditions of the "hole" imposed an atypical and significant hardship on him. Therefore, the court concludes that Hamilton did not have a liberty interest in avoiding ten days of more restrictive confinement and, thus, his due process claim fails.

To the extent Hamilton is alleging that Cpt. McCoy violated his Eighth Amendment right to be free from cruel and unusual living conditions, his claim also fails. In order to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege that the living conditions violated contemporary standards of decency and that prison officials were

deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement. To demonstrate such an extreme deprivation, a prisoner "must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions," Strickler v. Waters, 989 F. 2d 1375, 1381 (4th Cir. 1993), or demonstrate a substantial risk of such serious harm resulting from the prisoner's unwilling exposure to the challenged conditions, see Helling v. McKinney, 509 U.S. 25, 33-35 (1993). Hamilton, despite having the opportunity to amend his suit, has not alleged any facts that would suggest that his living conditions violated contemporary standards of decency, or that Cpt. McCoy was deliberately indifferent to any such conditions. For the reasons stated, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.[1]

---

[1] Moreover, it is clear from the face of the Hamilton's amended complaint that he did not exhaust administrative remedies before filing this action. The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter v. Nussle, 534 U.S. 516, 524 (2002)). A prisoner must exhaust all available administrative remedies, whether or not they meet federal standards or are plain, speedy, or effective, Porter, 534 U.S. at 524, and even if exhaustion would be futile because those remedies would not provide the relief the inmate seeks, Davis v. Stanford, 382 F. Supp. 2d 814, 818 (E.D. Va. 2005). In his amended complaint, Hamilton concedes that he did not exhaust administrative remedies regarding the facts of his complaint because he has a "conflict" at the jail because of the last time he was incarcerated there and because he "feel[s] like [his] grievances would not go anywhere." Failure to exhaust can be excused "if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir. 2008). Hamilton's concern that exhaustion would be futile, however, is no exception to the exhaustion requirement. See Reynolds v. Doe, 431 F. App'x 221, 222 (4th Cir. 2011) (citing Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)).

The clerk is directed to forward a copy of this Memorandum Opinion and Order to Hamilton.

**ENTERED** this 2nd day of November, 2020.

/s/ Thomas T. Cullen
_____
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE